## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JESSIE DONALD HUDSON,
  Appellant,

v.

DEPARTMENT OF VETERANS
  AFFAIRS,
  Agency.

DOCKET NUMBER
AT-3330-17-0266-I-1

DATE: June 28, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jessie Donald Hudson</u>, Stone Mountain, Georgia, pro se.

<u>Dafni Kiritsis</u>, Syracuse, New York, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA) as untimely filed. Generally, we grant petitions such as this one only in the following circumstances: the initial decision

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2       On November 29 and December 1, 2016, the Department of Labor (DOL) issued letters stating that it was closing its investigation into the appellant's VEOA complaints. Initial Appeal File (IAF), Tab 9 at 32, 36. The DOL also informed the appellant of his right to appeal to the Board within 15 days of the date he received the letters. *Id.* at 32, 37.

¶3       On January 21, 2017, the appellant filed his appeal. IAF, Tab 1. The administrative judge issued a jurisdictional order in which she informed the appellant of the jurisdictional requirements and burdens of proof in a VEOA appeal. IAF, Tab 3. She also issued a show cause order in which she informed the appellant that his appeal was filed after the 15-day deadline had lapsed, but she noted that the deadline was subject to equitable tolling, and she advised him as to the criteria for establishing whether the deadline should be equitably tolled. IAF, Tab 8.

¶4       The appellant filed a lengthy response in which he addressed the merits of the agency actions underlying his VEOA complaints, but he did not discuss the timeliness of his appeal or the question of equitable tolling. IAF, Tab 9. The

administrative judge dismissed the appeal as untimely filed. IAF, Tab 10, Initial Decision (ID). In his petition for review, the appellant again argues the merits of his VEOA claims and does not address the timeliness of the appeal. Petition for Review File, Tab 1.

¶5 An appellant must file his VEOA appeal within 15 days after receiving written notification from the Secretary of Labor concerning the results of the DOL's investigation. *Gingery v. Department of the Treasury*, 110 M.S.P.R. 83, ¶ 23 (2008). The appellant did not indicate when he received the DOL's letters. There is no evidence concerning when the appellant received the letters, but Board precedent and regulations recognize that documents placed in the mail are presumed to be received within 5 days. *Lagreca v. U.S. Postal Service*, 114 M.S.P.R. 162, ¶ 6 (2010). The twentieth day after the latest date that the DOL's letters were mailed is December 21, 2016, as the administrative judge correctly found. ID at 3; *see Williamson v. U.S. Postal Service*, 106 M.S.P.R. 502, ¶ 7 (2007) (recognizing that a DOL letter providing notice that it has closed the investigation is presumed to have been received 5 days after it was issued). The appellant's appeal, filed on January 21, 2017, was approximately 1 month late.

¶6 The 15-day deadline for filing a VEOA appeal is set by statute, 5 U.S.C. § 3330a(d)(1)(B), and therefore cannot be waived for good cause shown. *Williamson*, 106 M.S.P.R. 502, ¶ 6. However, it is by now well established that the deadline is subject to equitable tolling. *Gingery*, 110 M.S.P.R. 83, ¶ 24. Equitable tolling is allowed "only sparingly" in situations in which the appellant actively pursued his remedies by filing a defective pleading during the statutory period, or when the appellant has been induced or tricked by the agency's misconduct into allowing the filing deadline to pass. *Id.* (citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

¶7 Here, the appellant has not claimed that he filed a defective pleading during the statutory filing period or that the agency tricked or induced him into allowing

the deadline to pass. In fact, the appellant fails even to acknowledge that he filed his appeal late. Under the circumstances, we find that the administrative judge correctly dismissed this appeal as untimely filed.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.